IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK13-40568 |
| | ) | |
| **DANA L. MCKINNON**, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
PURSUANT TO 11 U.S.C. § 707(b)(1) and (b)(3)**

The United States Trustee ("UST") for Region 13, through the undersigned counsel, moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(3)[1]. In support of this motion, the UST respectfully states that:

1.  This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. §§ 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. §§ 707(b)(1) – (3).

2.  Debtor filed a voluntary Chapter 7 Petition on March 26, 2013.

3.  The 341 meeting of creditors was concluded on May 23, 2013.

4.  Section 707(b)(1) provides for dismissal of a Chapter 7 case upon a finding of "abuse" by an individual debtor with "primarily consumer debts." 11 U.S.C. § 707(b)(1). The Debtor checked the box on the first page of her Voluntary Petition indicating the debts are primarily "Consumer/Non-Business." In addition, after reviewing

---

[1] Unless otherwise noted, all statutory section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

the Debtor's Schedules, the UST submits that Debtor's obligations are primarily consumer debts.   *See* Schedules D, E, and F.

5.   Although the presumption of abuse does not arise under § 707(b)(2), a Chapter 7 case may still be dismissed for bad faith or if the totality of the circumstances of the debtor's financial situation demonstrates abuse.   Section 707(b)(3) provides:

> In considering under [§ 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
>
> (A)   whether the debtor filed the petition in bad faith; or
>
> (B)   [whether the totality of the circumstances ... of the debtor's financial situation demonstrates abuse.

Section 707(b), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), replaces dismissal based upon a "substantial abuse' under pre-BAPCPA § 707(b) with a mere "abuse" standard.

6.   Prior to enactment of the BAPCPA, substantial abuse could be found where a debtor had sufficient income to fund a Chapter 13 plan, and thus to repay his or her debts.   *See In re Walton,* 866 F.2d 981 (8th Cir. 1989);   *In re Koch*, 109 F.3d 1285 (8th Cir. 1997).[2]

---

[2] Situations such as *In re Walton*, 866 F.2d 981 (8th Cir. 1989), where the Eighth Circuit upheld the bankruptcy court's dismissal of a debtor's chapter 7 case primarily because of his ability to pay, continue to be grounds for dismissal under the totality of the circumstances prong of amended § 707(b)(3).   *See* 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000.   This legislative history provides:

> [S]ituations in which courts dismiss debtors from Chapter 7 today clearly continue to be grounds for dismissal under HR 2415, including such cases as *In re Lamanna*, 153 F.3d 1 (1st Cir. 1998).   In addition, since the standard is "abuse" rather than "substantial abuse," the courts are clearly given additional discretion to control abusive use of chapter 7 when that is appropriate...

7.  Under § 707(b)(3) of the BAPCPA, dismissal is warranted based upon "abuse," including in cases where a debtor filed a Chapter 7 case in bad faith and/or the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of his or her unsecured debt. That a Chapter 7 case may be dismissed for "abuse" under § 707(b)(3) based on the debtor's ability to pay is true even if that ability is not presumed as a result of the "means test" formula under § 707(b)(2). Indeed, because the "abuse" standard of § 707(b)(3) expressly applies when the presumption of abuse under the "means test" does <u>not</u> arise, "passing" the "means test" does not preclude a discretionary finding of abuse by the court. *See, e.g.*, Eugene W. Wedoff, *Means Testing in the New 707(b)*, 79 Am. Bankr. L.J. 231, 235 (2005).

8.  As discussed more specifically below, the UST submits that Debtor's case should be dismissed as an abuse pursuant to § 707(b)(3) based upon the totality of circumstances surrounding the Debtor's financial situation, because the Debtor has the ability to repay her debt.

9.  Debtor's Amended Schedule J lists net monthly income in the amount of $450.57.

---

The "bad faith" and "totality of the circumstance" of the debtor's situation is adopted as the appropriate standard. It is intended that all forms of inappropriate and abusive debtor use of chapter 7 will be covered by this standard, whether because of the debtor's conduct or the debtor's ability to pay. If a debtor's case would be dismissed today for "substantial abuse" as in *In re Lamanna*, . . .it is intended that the case should be subject to dismissal after HR 2415. . . . In dealing with ability to pay cases which are abusive, the presumption of abuse and the safe harbor protecting debtors from application of the presumption will not be relevant.

Although this legislative history pertains to an earlier version of bankruptcy reform legislation, because the amendment to § 707(b) in the BAPCPA is substantially the same and because there is little legislative history pertaining to the BAPCPA, this section by section discussion may be helpful to the Court.

10.     Debtor's Schedule I lists payroll deductions of $17.00 per month for 401(k) contributions.  This amount would be added back to the available income of Debtor, as it would not be equitable to allow Debtor to contribute to a 401(k) plan when unsecured creditors do not receive a distribution.

11.     Debtor's Schedule J lists auto installment payments in the amount of $500.00 per month, which would be significantly reduced in a Chapter 13 proceeding.

The UST asserts that this case should be dismissed as an abuse under Section 707(b)(3)(A), based upon the totality of the circumstances surrounding the financial situation of Debtor, as the Debtor has the ability to repay more than $11,725.00 to unsecured creditors over 60 months.

DATED this 1st day of July, 2013.

> RESPECTFULLY SUBMITTED:
> UNITED STATES TRUSTEE
> NANCY J. GARGULA
>
> ASSISTANT U.S. TRUSTEE
> Patricia D. Fahey
>
> By: /s/ Jerry L. Jensen
>     Jerry L. Jensen
>     Attorney for U.S. Trustee
>     Roman L. Hruska U.S. Courthouse
>     111 South 18th Plaza, Suite 1148
>     Omaha, NE 68102
>     (402) 221-4300

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2013, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to the following: *Danielle Savington.*

> /s/ Jerry L. Jensen